**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation, | No. 15-55897 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-09046-PA-AGR |
| v. | |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS INC; COUNTRYWIDE BANK, FSB, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 17, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The City of Los Angeles ("City") appeals the district court's summary judgment rulings in favor of the Bank of America, N.A. ("BOA"), and Countrywide Financial Corporation and Countrywide Home Loans, Inc. (collectively, "Countrywide") on its claims that BOA and Countrywide violated the Fair Housing Act ("FHA") and were unjustly enriched. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We must determine, viewing the evidence in the light most favorable to the City, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Summary judgment may be affirmed on any ground supported by the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009).

1. We may affirm for a reason supported by the record, but not relied upon by the district court.[1] The City sued under § 3605(a) of the FHA, which makes it

[1] Defendants BOA and Countrywide separately moved for, and the district court separately granted, summary judgment. We affirm summary judgment for a reason which applies equally to both defendants and accordingly treat the defendants as one for the purposes of this disposition.

unlawful for financial institutions like BOA and Countrywide "to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race [or] color." 42 U.S.C. § 3605(a). The City sued under both disparate impact and disparate treatment theories of discrimination, but focused on, and presented evidence almost exclusively to support, disparate impact.

To make out a prima facie case of disparate impact under the FHA, the City must show both a statistical disparity and a policy or policies that caused the disparity. *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2523 (2015). The causal link between the policy and disparity must be "robust." *Id.* "A plaintiff who fails to . . . demonstrat[e] a causal connection cannot make out a prima facie case of disparate impact." *Id.*

Through its expert Professor Ian Ayres, the City showed a statistical racial disparity. Minority borrowers were two to three times more likely to receive high cost or Fair Housing Act/Veteran's Affairs ("FHA/VA") loans than were similarly situated white borrowers. The City fell short, however, in failing to show a "robust" connection between this disparity and any BOA or Countrywide facially-neutral policy. *Id.* The city identified sixty-two facially neutral policies which it alleged resulted in the disparity, and emphasized three in particular. The City

3

emphasized that (1) BOA and Countrywide's compensation scheme provided incentives for their loan officers to issue higher-amount loans, (2) BOA and Countrywide's marketing targeted low-income borrowers, and (3) BOA and Countrywide failed to adequately monitor their loans for disparities. The City failed to demonstrate how the first two policies were causally connected in a "robust" way to the racial disparity, as they would affect borrowers equally regardless of race, and the third is not a policy at all. Summary judgment on the FHA claim was warranted because the record does not reflect that the City raised a genuine issue of material fact as to a policy or policies with a robust casual connection to the racial disparity.

3.     We also affirm summary judgment on the City's unjust enrichment claim. Under California law, unjust enrichment "may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 699 (Ct. App. 2010). The City's injuries—lost tax revenue and increased spending on services—did not confer a benefit upon BOA and Countrywide, and accordingly the City did not show a genuine issue of triable fact as to unjust enrichment.

4.     Because we affirm on other grounds supported by the record, we need not address errors in the district court's summary judgment, nor BOA and

Countrywide's alternative argument that we should affirm on the basis of the zone of interests test.

AFFIRMED.